COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| KELLY ANN GERATH and SCOTT C. YOUNG, | § | No. 08-21-00171-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | County Court at Law No. 1 |
| v. | § | of McLennan County, Texas |
| GENCO FEDERAL CREDIT UNION, | § | (TC# 20200431CV1) |
| Appellee. | § | |

## MEMORANDUM OPINION[1]

On September 10, 2021, Appellants Kelly Ann Gerath and Scott C. Young filed a purported notice of appeal in the Tenth Court of Appeals. The notice specifically requested appeal of the trial court's judgment "to the County Courts at Law of [McLennan] County, Texas." To that notice, Appellants also attached a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond."

On September 16, 2021, the Tenth Court of Appeals sent a letter to Appellants identifying deficiencies with Appellants' purported notice of appeal. First, the letter informed Appellants the notice of appeal was deficient because it did not properly name the Tenth Court of Appeals as the court to which the appeal was intended to be taken. *See* TEX. R. APP. P. 25.1(d)(4) (requiring a

---

[1] This case was transferred from our sister court in the Tenth District of Texas at Waco (Cause No. 10-21-00230-CV), and we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

notice of appeal to state the court to which the appeal is taken unless the appeal is to either the First or Fourteenth Court of Appeals). Second, the letter notified Appellants that no request had been included with the Statement of Inability to Afford Payment of Court Costs which requested relief from the responsibility to pay costs required to file an appeal, or from the responsibility to post an appeal bond, or both. The letter of September 16 informed Appellants that the identified deficiencies needed to be corrected within ten days or the appeal would be dismissed. As of October 6, 2021, Appellants had not filed a response nor otherwise corrected any of the deficiencies noted by the Tenth Court of Appeals.[2]

On November 1, 2021, this Court sent a follow-up letter to Appellants requesting an amended notice of appeal. We also noted that a required docketing statement had not yet been filed with this Court. We notified Appellants that the amended notice of appeal and docketing statement would be due on or before November 11, 2021, and that failure to timely respond would result in dismissal. *See* TEX. R. APP. P. 42.3(c). As of today's date, no response has been received and no amended notice of appeal has been filed.

Because Appellants failed to amend their defective notice of appeal, even after being afforded an opportunity to do so, and otherwise failed to respond, this Court has authority to dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(c) (permitting involuntary dismissal in civil cases on appellate court's own motion, after giving ten days' notice, where appellant has failed to comply with the Texas Rules of Appellate Procedure, a court order, or a notice from the clerk requiring a response or other action within a specified time); TEX. R. APP. P. 43.2(f). We need not address Appellants' Statement of Inability to Afford Payment of Court Costs or an Appeal Bond.

---

[2] On October 6, 2021, the Tenth Court of Appeals transferred this appeal to this Court pursuant to a docket equalization order from the Texas Supreme Court.

Accordingly, we dismiss the appeal for want of prosecution.

GINA M. PALAFOX, Justice

November 17, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.